IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| MARLON CRUZ-CARPIO, | |
| Petitioner, | CIVIL ACTION NO.: 5:20-cv-146 |
| v. | |
| D. GREENWALT, | |
| Respondent. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Petitioner Marlon Cruz-Carpio's ("Cruz-Carpio") failure to comply with the Court's November 20, 2020 and January 22, 2021 Orders and Local Rules and Respondent's Motion to Dismiss. Docs. 2, 8, 9; Local R. 11.1. For the following reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Cruz-Carpio's 28 U.S.C. § 2241 Petition for failure to follow this Court's Orders and Local Rules, **DENY as moot** Respondent's Motion to Dismiss, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Cruz-Carpio leave to appeal *in forma pauperis*.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Cruz-Carpio his suit is due to be dismissed. As indicated below, Cruz-Carpio will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and

**BACKGROUND**

Cruz-Carpio filed this 28 U.S.C. § 2241 action while he was housed at the Folkston Immigration and Customs Enforcement ("ICE") Processing Center in Folkston, Georgia.  Doc. 1.  After he paid the requisite filing fee, the Court directed service of Cruz-Carpio's Petition on November 4, 2020.  Doc. 2.  By this same Order, the Court advised Cruz-Carpio to notify the Court of any change in address in writing and warned him his failure to do so would result in the dismissal of his cause of action.  Id. at 2.  In addition, this Court's Local Rules require a pro se party to notify the Court of any change in address.  Local R. 11.1.  Respondent filed a Motion to Dismiss on January 19, 2021.  Doc. 8.  The Court ordered Cruz-Carpio to respond to the Motion to Dismiss within 14 days of its January 22, 2021 Order, doc. 9.  The Court advised Cruz-Carpio if he failed to respond, the Court might dismiss his cause of action based on his failure to follow a Court Order.  Id.  That Order was returned to the Court as undeliverable, with the notations: "Return to Sender, Not at this facility," and "Return to Sender, No Mail Receptacle, Unable to Forward."  Doc. 11 at 1.  Cruz-Carpio did not respond to the Court's Order or Respondent's Motion to Dismiss.

**DISCUSSION**

The Court must now determine how to address Cruz-Carpio's failure to comply with this Court's Orders and Local Rules.  For the reasons set forth below, I **RECOMMEND** the Court **DISMISS without prejudice** Cruz-Carpio's Petition and **DENY** Cruz-Carpio leave to appeal *in forma pauperis*.

---

recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

I.      **Dismissal for Failure to Follow This Court's Orders and Local Rules**

A district court may dismiss a petitioner's claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket.[2]  Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[3] Coleman v. St. Lucie Cnty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)).  Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires a court to "(1) conclud[e] a clear record of delay or

---

[2]     Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases, the § 2254 Rules may be applied to § 2241 petitions.  Additionally, pursuant to Rule 12 of the § 2254 Rules, the Federal Rules of Civil Procedure may apply to a habeas petition, to the extent the Civil Rules are not inconsistent with the § 2254 Rules.

[3]     In Wabash, the Court held a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so."  370 U.S. at 633.  Nonetheless, in the case at hand, the Court advised Cruz-Carpio his failure to comply with this Court's Orders would result in dismissal of this action.  Docs. 2, 9.  Indeed, Cruz-Carpio did notify the Court of his change in address on one occasion.  Doc. 3.

willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cnty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366).  By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner.  Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted.  See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

With Cruz-Carpio having failed to respond to the Motion to Dismiss and update his address, as required, or otherwise respond to this Court's Orders and Local Rules, the Court cannot proceed in this case.  Cruz-Carpio was given notice of the consequences of his failure to follow the Court's Orders, and Cruz-Carpio has not made any effort to do so.  Thus, the Court should **DISMISS without prejudice** Cruz-Carpio's § 2241 Petition, doc. 1, for failure to follow

this Court's Orders and Local Rules, **DENY as moot** Respondent's Motion to Dismiss, and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Cruz-Carpio leave to appeal *in forma pauperis*. Though Cruz-Carpio has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Cruz-Carpio's failure to follow this Court's Orders and Local Rules, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Cruz-Carpio *in forma pauperis* status on appeal.

**CONCLUSION**

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Cruz-Carpio's 28 U.S.C. § 2241 Petition, doc. 1, for failure to follow this Court's Orders and Local Rules, **DENY as moot** Respondent's Motion to Dismiss, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Cruz-Carpio leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 10th day of February, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA